**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **RUTH ANN HILL,** ) | **CV F F-05-1018 AWI DLB** |
| ) | |
| **Plaintiff**, ) | |
| ) | **ORDER DENYING** |
| v. ) | **RECONSIDERATION AND** |
| ) | **RELATED ORDERS** |
| **JO ANNE B. BARNHART,** ) | |
| **commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

  Plaintiff Ruth Ann Hill ("Plaintiff") filed her complaint for review of the final decision of the Commissioner of Social Security on August 18, 2005.  On June 23, 2006, the magistrate judge issued findings of fact and recommendations of law ("F&R's") that recommended that Plaintiff's appeal from the administrative decision of the Commissioner be denied and that judgment be entered in favor of defendant Commissioner.  The court adopted the magistrate judge's F&R's on September 14, 2006.

  Shortly following the court's adoption of the F&R's the court received written communication from Plaintiff stating her desire to request reconsideration of the court's adoption of the F&R's and entry of judgment in view of "new evidence" that had been sent to the court on or about September 5, 2006.  The written communication was received by fax transmission on September 14, 2006.  It is not clear whether any paper was sent or faxed to the Clerk's Office.  On September 18, 2006, a further fax transmission was received that was

titled as a "formal appeal." Neither transmission includes a proof of service, so far as the court can determine. An original, hand-written copy of the document purporting to be a "formal appeal" was received by the court on September 20, 2006. The document that was received by facsimile on September 18, 2006, was docketed by the court as a notice of appeal. The court's docket indicates the appeal was processed to the Ninth Circuit Court of Appeals on the following day; that is, on September 19, 2006.

To the extent Plaintiff's facsimile transmission of September 14, 2006, can be considered a motion for reconsideration, that motion is now moot because the filing of appeal "divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). Since the issues presented by Plaintiff's "appeal" are precisely the same as the issues addressed in the F&R's that were adopted by the court, the Ninth Circuit Court of Appeal now has jurisdiction over those issues and this court is without jurisdiction. This means that the Ninth Circuit Court of Appeal will decide the merits of Plaintiff's request for reconsideration based on new evidence, and this court may not make that determination.

**ORDER**

The Clerk of the Court is hereby ordered to file Plaintiff's facsimile transmission of September 14, 2006, designating same as a "Request for Reconsideration of Judgment." Plaintiff's request for reconsideration of judgment is hereby DENIED as moot.

IT IS SO ORDERED.

**Dated:   October 9, 2006**              /s/ Anthony W. Ishii
0m8i78                                    UNITED STATES DISTRICT JUDGE